Mark F. James (#5295)
Kevin W. Bates (#4793)
Hatch, James & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone:  (801) 363-6363
Facsimile:  (801) 363-6666
Email	mjames@hjdlaw.com
	kbates@hjdlaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BUTTERCUP LEGACY, LLC, a Utah limited liability company, | ) ) ) |
| Plaintiff, | ) ) **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | ) (Jury Trial Demanded) ) ) |
| | ) Civil No. _____ ) |
| MICHILIN PROSPERITY COMPANY, LTD., a Taiwanese company; INTEK AMERICA INC., a California corporation; AXEUS, a California corporation; STAPLES, INC., a Massachusetts corporation; OFFICE DEPOT, INC., a Florida corporation; OFFICEMAX, INCORPORATED an Illinois corporation; WALMART, INC., an Arkansas corporation; UNITED STATIONERS SUPPLY COMPANY, an Illinois corporation; AMAZON.COM, INC.; PEACH LAMINATING (KOREA) LTD and DOES 1-25, | ) ) Judge _____ ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

1

Plaintiff ButterCup Legacy, LLC ("ButterCup") complains against Defendants Michilin Prosperity Company, Ltd., Intek America Inc., Axeus, Staples, Inc., Office Depot, Inc., OfficeMax, Incorporated, Walmart, Inc., United Stationers Supply Company, Amazon.com, Inc., and Peach Laminating (Korea) Ltd. (collectively "Defendants") and for causes of action alleges as follows:

## PARTIES

1. Mark Allen ("Allen") is an individual residing in Utah County, Utah. Allen is the inventor on United States Patent No. 7,166,561 ("the '561 Patent"), which patent is directed to lubrication sheets for paper shredders. A copy of the '561 Patent is attached hereto as Exhibit A.

2. ButterCup Legacy, LLC, is a Utah limited liability company with its principal place of business in Orem, Utah. ButterCup is the exclusive assignee of all rights and interests in the '561 Patent.

3. On information and belief, Michilin Prosperity Company, Ltd. ("Michilin") is a Taiwanese company. Michilin owns factories in China and manufactures and imports into the United States products that infringe the '561 Patent.

4. On information and belief, Intek America, Inc. ("Intek") is a California corporation with a principal place of business in Torrance, California. Intek imports, markets, and/or sells products that infringe the '561 Patent.

5. On information and belief, Axeus is a California corporation with a principal place of business in Torrance, California. Axeus imports, markets, and/or sells products that infringe the '561 Patent.

6. On information and belief, Staples, Inc. ("Staples") is a Massachusetts corporation with a principal place of business in Framingham, Massachusetts. Staples markets and/or sells products that infringe the '561 Patent.

7. On information and belief, Office Depot, Inc. ("Office Depot") is a Florida corporation with a principal place of business in Delray Beach, Florida. Office Depot markets and/or sells products that infringe the '561 Patent.

8. On information and belief, OfficeMax Incorporated ("OfficeMax") is an Illinois corporation with a principal place of business in Naperville, Illinois. OfficeMax markets and/or sells products that infringe the '561 Patent.

9. On information and belief, Walmart, Inc. ("Walmart") is an Arkansas corporation with a principal place of business in Bentonville, Arkansas. Walmart markets and/or sells products that infringe the '561 Patent.

10. On information and belief, United Stationers Supply Company ("United Stationers") is an Illinois corporation with a principal place of business in Deerfield, Illinois. United Stationers markets and/or sells products that infringe the '561 Patent.

11. On information and belief, Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com markets and/or sells products that infringe the '561 Patent.

12. On information and belief, Peach Laminating (Korea) Ltd. ("Peach") is a South Korean entity with its principal place of business in Seoul, South Korea. Peach markets and/or sells products that infringe the '561 Patent.

13. On information and belief, each of the Defendants, as well as DOES 1-25, conducts business in and/or direct business toward this judicial district and have committed the acts and/or caused damages complained of herein in this judicial district.

14. On information and belief, DOES 1-25 are retailers, manufacturers, customers, and/or suppliers of one or more products that infringe the '561 Patent

15. Plaintiff is ignorant of the names of defendants DOES 1-25, and the names of DOES 1-25 are fictitious. Plaintiff anticipates requesting leave to amend its Complaint to add specific additional defendants as identity of such defendants becomes known to Plaintiff.

## JURISDICTION AND VENUE

16. This is a civil action for infringement brought by ButterCup pursuant to 35 U.S.C. §§ 271, 283, 284 and 285.

17. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq., and subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

18. On information and belief, Defendants and each of them have transacted business, contracted to supply goods or services, directed business or products toward, and/or have otherwise purposely availed themselves of the privileges and benefits of the laws of the State of Utah and therefore are subject to the jurisdiction of this Court pursuant to § 78-27-24, Utah Code Ann.

19. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400 and 1391.

## CLAIM FOR RELIEF
### Patent Infringement of the '561 Patent

20. ButterCup realleges and incorporates herein, as if set forth in full, the allegations of the foregoing paragraphs.

21. The '561 Patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

22. Defendants and each of them have manufactured and/or imported into the United States and/or sold and/or offered to sell products falling within the scope of at least one or more of the claims of the '561 Patent without license in violation of 35 U.S.C. § 271 (a), (b) and/or (c).

23. Upon information and belief, Defendants and each of them have and continue to have notice of the existence of the '561 Patent, and will continue to infringe that Patent unless otherwise enjoined by this Court.

24. Buttercup has not licensed the Defendants to practice the '561 Patent and Defendants do not have any right or authority to license others to practice the '561 Patent.

25. ButterCup has been and will continue to be damaged by the infringing conduct of Defendants. As a result of Defendants' infringements, ButterCup is entitled to an award of damages adequate to compensate it for Defendants' infringement.

26. In addition, unless and until Defendants are enjoined from future infringement, ButterCup will suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ButterCup seeks judgment against Defendants as follows:

1. For a judgment holding Defendants liable for infringement of the '561 Patent.

2. For an award of damages adequate to compensate ButterCup for the infringement of the '561 Patent by Defendants, including treble damages and all other categories of damages allowed by 35 U.S.C. § 284.

3. For injunctive relief enjoining Defendants, their officers, agents, servants, employees and attorneys, and all other persons/entities in active concert or participation with any of them, as follows:

    a. from manufacturing any products falling within the scope of the claims of the '561 Patent;

    b. from using any product or method falling within the scope of any of the claims of the '561 Patent;

    c. from selling or offering to sell any product or method falling within the scope of any of the claims of the '561 Patent;

    d. from importing any product into the United States which falls within the scope of any of the claims of the '561 Patent;

    e. from actively inducing others to infringe any of the claims of the '561 Patent;

    f. from engaging in acts constituting contributory infringement of any of the claims of the '561 Patent; and

    g. from all other acts of infringement of any of the claims of the '561 Patent.

4. For an order that Defendants deliver up for destruction all products infringing the '561 Patent that are in their possession.

5. For an order that the claims against Defendants with respect to the '561 Patent constitute an exceptional case and that ButterCup be awarded its attorneys' fees against Defendants pursuant to 35 U.S.C. § 285.

6. For such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

ButterCup hereby demands trial by jury as to all issues in this action triable by a jury.

DATED this 9th day of October, 2007.

HATCH, JAMES & DODGE, P.C.

BY: _____/S/ MARK F. JAMES_____
Mark F. James
Kevin W. Bates
Attorneys for Plaintiff

Plaintiff's Address:

c/o Hatch, James & Dodge
10 West Broadway, Suite 400
Salt Lake City, UT 84101